UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JENNY DOMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HEARTLAND RECREATIONAL VEHICLES, LLC, et al.,<br><br>Defendants. | CASE NO. 3:23-CV-218-CCB-SJF |

## OPINION AND ORDER

Before the Court is a Motion to Transfer Venue Pursuant to Forum Non Conveniens filed by Defendant Heartland Recreational Vehicles, LLC ("Heartland") [DE 47] and a Motion to Dismiss Amended Complaint and Alternative Request for Transfer [DE 52] filed by Defendant Foley RV Centers, LLC d/b/a Camping World RV Sales ("Foley RV"). Both motions allege that the case should not have been brought in the Northern District of Indiana and request dismissal or transfer to another district. Based on the applicable law, facts, and arguments, both Heartland's and Foley RV's motions are denied, and this case will remain in the Northern District of Indiana.

I.   **RELEVANT BACKGROUND**

On December 18, 2021, Plaintiffs Jenny and Trent Doman, a married couple, bought a new recreational vehicle ("RV") to use on an upcoming road trip to Utah. Plaintiffs' RV was purchased from Foley RV, located in Washington state, and was manufactured by Heartland, located in Indiana. The heating systems in the RV malfunctioned that day and the next. The RV then caught fire on the road near Dillon, Montana. The fire destroyed the RV, along with an assortment of Plaintiffs' other personal possessions, including their new all-terrain vehicle and their truck. As a result, Plaintiffs filed this case alleging claims including breach of warranty under the Magnuson-Moss Warranty Act, products liability, and negligence.

Heartland is an RV manufacturer located in Elkhart, Indiana. Heartland's limited warranty for the RV included a forum-selection clause, which conferred exclusive jurisdiction to litigate disputes in the state of manufacture, Indiana. [DE 13-1]. Based on the text of the limited warranty, the benefits ran to the purchaser of the RV. [DE 13-1 at 8]. Despite this forum-selection clause, however, Heartland seeks to transfer this case to another forum, the District of Montana. [DE 47]. Heartland's motion seeks transfer under 28 U.S.C. § 1404(a) under *forum non conveniens* grounds, contending that the private interest factors and the public interest factors favor transfer.

Foley RV is a Washington-based dealer of RVs, including those of several RV manufacturers situated in Indiana. While Heartland's motion seeking transfer to the District of Montana was pending, Foley RV moved to dismiss under Federal Rule of Civil Procedure 12(b)(2), alleging that this court lacks personal jurisdiction because Foley RV does not have any locations in the State of Indiana, nor does it engage in RV sales, service, or other business here. [DE 53 at 2-3]. Alternatively, Foley RV argues that the matter should be transferred to the Eastern District of Washington under the forum-selection clause found in the purchase order entered by Trent Doman and Foley RV. [DE 18-1 at 1].

## II.     ANALYSIS

### A.     Foley RV's Motion to Dismiss for Lack of Personal Jurisdiction [DE 52]

Rule 12(b)(2) allows a party to move to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Once a defendant moves to dismiss under Rule 12(b)(2), the plaintiffs bear the burden of proving that jurisdiction exists. *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). When a motion to dismiss is decided without an evidentiary hearing, the plaintiff "need only make out a *prima facie* case of personal jurisdiction." *Id.* (internal citation omitted). But "once the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise

2

of jurisdiction." *Id.* at 783. The court must take all well-pleaded facts in the amended complaint as true and resolve any factual disputes in the plaintiffs' favor. *Id.* Reasonable inferences must also be drawn in the plaintiffs' favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Anicich v. Home Depot U.S.A., Inc.*, 852 F.3d 643, 648 (7th Cir. 2017).

Plaintiffs' operative amended complaint brings claims under both the Magnuson-Moss Warranty Act and Indiana state law. [DE 35]. Thus, the court's subject matter jurisdiction rests on a federal question, 28 U.S.C. § 1331, and supplemental jurisdiction, 28 U.S.C. § 1367. In a case involving federal question jurisdiction, "a federal court has personal jurisdiction over the defendant if either federal law or the law of the state in which the court sits authorizes service of process to that defendant." *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010). The Magnuson-Moss Warranty Act does not authorize nationwide service of process. *See be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011); *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2024). Thus, the court turns to Indiana law. A federal court sitting in Indiana may exercise jurisdiction over the defendants only if authorized both by Indiana law and by the United States Constitution. *Advanced Tactical Ordnance Sys., LLC*, 751 F.3d at 800 (citing to Fed. R. Civ. P. 4(k)(1)(A); *Daimler AG v. Bauman,* 571 U.S.117, 124 (2014)). Personal jurisdiction is governed by Indiana's long-arm statute, which extends personal jurisdiction to the outer limits of the Due Process Clause of the Fourteenth Amendment. Ind. Trial Rule 4.4(A); *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 548 (7th Cir. 2004).

When deciding whether the exercise of personal jurisdiction comports with the Due Process Clause, the court considers the defendant's relationship to the forum state. *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco City*, 582 U.S. 255, 262 (2017). Personal jurisdiction exists when a defendant has established minimum contacts with the forum state so much so that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Walden v. Fiore*, 571

3

U.S. 277, 283-84 (2014) (quoting *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945) (internal quotation omitted).

Two types of personal jurisdiction exist, general and specific. *Bristol-Myers Squibb Co.*, 582 U.S. at 262. Establishing general jurisdiction is a "high bar" requiring that a defendant's affiliation with a forum be so constant and pervasive that the defendant is considered "at home" in that forum. *Daimler AG v. Bauman,* 571 U.S. at 136; *Beehler v. Am. Honda Motor Co.*, No. 16 C 8525, 2017 WL 11884056, at *2 (N.D. Ill. Jan. 13, 2017). Specific jurisdiction requires that the suit arises from defendant's contacts with the forum. *Bristol-Myers Squibb Co.*, 582 U.S. at 262. Thus, for this Court to have jurisdiction over Foley RV, it must find either that Foley RV's affiliation with Indiana is so constant and pervasive that it is deemed at home in Indiana, or that Plaintiffs' lawsuit arises from Foley RV's contacts with Indiana. Foley RV contends that neither general nor specific jurisdiction exists, while Plaintiffs contend that both do.

1. **General Personal Jurisdiction**

A corporate defendant is "essentially at home" if it is incorporated in the forum state or has a principal place of business within the state. *Kipp v. Ski Enter. Corp. of Wis.*, 783 F.3d 695, 698 (7th Cir. 2015). The same inquiry is used to determine whether an LLC defendant is "at home." *See Duncanson v. Wine & Canvas IP Holdings LLC,* No. 1:16-cv-00788-SEB-DML, 2017 WL 6994541, at *2 (S.D. Ind. Apr. 20, 2017)(observing that "the Supreme Court in *Daimler* suggested that an LLC's state of formation and principal place of business are the salient inquiries in determining where an LLC is subject to general personal jurisdiction"). A defendant is also considered to be "at home" in the forum state if its activities within the state are constant and pervasive. *See Daimler AG*, 571 U.S. at 137.

Foley RV reports that it is a Minnesota limited liability company formed in Minnesota with its principal place of business in Illinois—suggesting that it is not "at home" in Indiana. [*See* DE 8].

4

In response, Plaintiffs explain that one of Foley RV's 26 members resides in Indiana. [DE 60 at 8]. While the citizenship of an LLC's members impacts the Court's diversity jurisdiction, it is not one of the "salient inquiries" for general personal jurisdiction. *Duncanson,* 2017 WL 6994541, at *2. Next, Foley RV also contends that its activities in Indiana are not so constant and pervasive as to render it at home in Indiana, relying on *BNSF Ry. Co. v. Tyrrell,* 581 U.S. 402 (2017). There, the Supreme Court observed that, while the railroad defendant owned more than 2,000 miles of railroad tracks and had more than 2,000 employees in the forum state, this accounted for only 6% of its total track mileage and less than 5% of its total workforce. *Id.* at 406. Thus, the Supreme Court held that general jurisdiction could not attach to the corporate railroad defendant because its activities in the argued-for forum state were only a fraction of the total activities it conducted throughout the United States. *Id.* at 405-06. Foley RV does not engage in sales or service of RVs in Indiana and does not have any business operations in Indiana—contending that their activities are even less pervasive than the defendant's activities in *BNFS*. Based on this, the court cannot find that Plaintiffs have met the "high bar" of establishing general personal jurisdiction. *Beehler*, 2017 WL 11884056, at *2.

### 2. Specific Personal Jurisdiction

The court's inquiry does not end with general personal jurisdiction, however, as the court can still find that specific jurisdiction exists. Specific jurisdiction exists "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985) (citing *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 744 (1984); *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. 408, 414 (1984)). The defendant must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co.,* 326 U.S. at 316 (quotation omitted). This ensures that a defendant is "not haled into a jurisdiction solely as a result of 'random,' 'fortuitous', or 'attenuated'

5

contacts." *Burger King Corp.*, 471 U.S. at 475. In sum, specific jurisdiction exists where the requirements below are met:

> (1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities, [] and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice.

*Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012).

Plaintiffs rely on this court's opinion in *Meyer v. Newmary Corp.*, No. 3:19-CV-755 JD, 2020 WL 3256263 (N.D. Ind. June 16, 2020), to support that specific jurisdiction exists here. Like Foley RV, the defendant in *Meyer*, an Arizona-based RV dealer, moved to dismiss the plaintiffs' case brought in this district for lack of personal jurisdiction. *Id.* at *1. The *Meyer* court found that there were sufficient minimum contacts between the Arizona-based RV dealership and Indiana to establish specific jurisdiction. *Id.* at *1–*3. First, the court found sufficient minimum contacts by observing that around 77 percent of the RV dealership's current new RV inventory was purchased from Indiana RV manufacturers. *Id.* at *3. The court also observed that the Arizona dealership advertised its inventory on the co-defendant RV manufacturer's website in Indiana and had signed its dealership agreement with the Indiana-based RV company in Indiana. *Id.* The dealership also performed warranty repairs in Arizona on behalf of RV manufacturers located in Indiana. *Id.* Accordingly, the court concluded that the Arizona dealership created and maintained continuing obligations as an authorized dealership between itself and the co-defendant RV manufacturer, and the case arose due to their forum-related activities. *Id.* Plaintiffs contends that, like the defendant in *Meyer,* Foley RV maintains continued connections with Heartland and other manufacturers located in Indiana, and Plaintiffs' case against Foley RV stems from these connections.

In response, Foley RV argues that because it does not list RVs for sale on Heartland's website, and because it does not complete any of its warranty repair work or RV inspections in

6

Indiana, its contacts with Indiana are less than those of the Arizona-based dealer in *Meyer* and insufficient to confer specific jurisdiction. Foley RV instead urges this Court to follow the decision in *Jayco Inc. v. Nat'l Indoor RV Ctrs. LLC et al.*, 3:17-CV-458 RLM-MGG, 2017 WL 4270201, (N.D. Ind. September 26, 2017). There, Plaintiff Jayco Inc. ("Jayco") filed suit against RV Dealers National Indoor RV Centers, LLC ("NIRVC"), NIRVC-AZ, National Indoor RV Centers-GA, as well employee Angie Morell, alleging claims of trademark infringement, unfair competition, and breach of contract. *Id.* at *1. The defendants moved to dismiss for lack of personal jurisdiction and improper venue. *Id.* at *6. Jayco opposed the motion to dismiss by referencing these defendants' contacts to Indiana, which are like those referenced here—the defendants' dealership agreements with Jayco, the defendants' purchase of inventory from Jayco, and the defendants' completion of warranty work for Jayco. *Id.* at *5. The court found that this did not suffice for specific jurisdiction because of the nature of the suit—observing that "Jayco's trademark, unfair competition, and breach of contract claims don't 'arise out of or relate to' any of those contacts." *Id.* Thus, the court found that specific jurisdiction did not exist.

  The court cannot find Foley RV's reliance on *Jayco* persuasive. Here, Plaintiffs' complaint sufficiently alleges that Foley RV's contacts with Indiana arise out of or relate to the instant cause of action. What's more, Foley RV is an authorized dealer of Heartland RVs, is listed as such on Heartland's website, and regularly sells RVs manufactured by Heartland to consumers. Like the dealer in *Meyer*, Foley RV is authorized by Heartland to perform warranty repairs and other services on Heartland vehicles. Foley RV also reports that 62.78 percent of its revenue derived from Indiana manufactured RV sales. Also, Foley RV contemplated warranty repairs for Plaintiffs' RV and would have undertaken them if the RV had not been destroyed before Plaintiffs' ability to make the scheduled repair advised by Foley RV's dealership manager.

It is also foreseeable that Foley RV would be haled into the Northern District of Indiana, and so the exercise of specific jurisdiction over Foley RV comports with traditional notions of fair play and substantial justice. Through their complaint, Plaintiffs raise claims of breach of contract, breach of warranty, and tort claims that arose because of the fire that consumed their new RV. Plaintiffs' alleged injuries are directly related to the RV manufacturing process in Indiana and Foley RV's relationship with that manufacturer—Heartland. As Plaintiffs point out, Foley RV sells a substantial number of new RVs manufactured by Heartland—a significant portion of which come with a limited warranty provided by Heartland that sets jurisdiction in the place of manufacture, Indiana. Foley RV also sells new RVs manufactured by other companies in Indiana that also come with a limited warranty that sets jurisdiction in Indiana.

In sum, because Foley RV established a substantial and continuing relationship with RV manufacturers in Indiana, including Heartland, and the issues in Plaintiffs' amended complaint relate to warranty obligations of Heartland based on an RV manufactured by Heartland that Foley RV sold, the Court finds that Foley RV's contacts with Indiana are enough to find specific personal jurisdiction. Therefore, Foley RV's Motion to Dismiss under Rule 12(b)(2) is **DENIED**. [DE 52].

The Court now considers both Foley RV's alternative request to transfer to the United States District Court for the Eastern District of Washington and Heartland's request to transfer to the United States District Court for the District of Montana, both of which allege *forum non conveniens* grounds under 28 U.S.C § 1404(a).

**B.    Motions to Transfer Under 28 U.S.C. § 1404(a)**

Transfer under 28 U.S.C. § 1404(a) is appropriate if: (1) venue is proper in the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 62 (2013). But a valid forum selection clause changes the calculus as to the most proper forum for

8

resolving the dispute. *Atlantic Marine*, 571 U.S. at 63. This is because "[t]he enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Id.* (internal quotations and citations omitted). A valid forum selection clause controls in all but the most exceptional cases. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988).

The court must address the applicability of two forum selection clauses, as both Plaintiffs' purchase order with Foley RV and Heartland's limited warranty contained such clauses. The court must first consider their enforceability.

### 1. Enforceability of the Forum Selection Clauses

Forum selection clauses are enforceable when they include mandatory language specifying venue and the parties are bound by the agreement, including the forum selection clause. *See IAC/InterActiveCorp*, 44 F.4th 635, 643 (7th Cir. 2022) (internal citation omitted). Mandatory language in a forum selection clause specifies "that disputes under the contract 'shall' or 'will' be litigated in a specific venue or forum." *Id.*

The two-page purchase order entered into by Foley RV (identified as "the Dealer") and Plaintiff Trent Doman, contains a provision entitled "CHOICE OF LAW AND VENUE, FEES[,]" which states:

> Any controversy, dispute or claim arising out of or relating to this Agreement or breach thereof shall be interpreted under the laws of the state in which Dealer is located and venue will be in the state and county in which Dealer is located or the applicable federal court.

[DE 18-1 at 1, ¶ 14]. This forum selection clause specifies the venue and forum as the "county in which Dealer is located or the applicable federal court[.]" Foley RV is in Spokane County in Washington state, which sits in the United States District for the Eastern District of Washington. Moreover, the clause also uses the phrase "will be" when defining venue. The clause is therefore both sufficiently specific in terms of venue or location and mandatory in terms of enforceability.

9

The Heartland limited warranty, entered by Heartland and Plaintiffs, states that "exclusive jurisdiction for deciding legal disputes relating in any way to the Limited Warranties or the recreational vehicle must be filed in the courts within the state of manufacture." [DE 13-1 at 7, ¶ 2]. The clause specifies venue as "the courts within the state of manufacture." Plaintiffs' RV was manufactured by Heartland in Indiana, where this court sits. The language "must be" in the clause makes the forum selection clause mandatory. Thus, Heartland's clause is also specific enough in terms of venue or location and mandatory in terms of enforceability.

Both clauses contain enforceable, mandatory language specifying venue—even if in competing locations. Still, Plaintiffs argue that Foley RV's purchase order is unconscionable because it was "hidden on the back side of the purchase agreement, in small type, with no signature line, and was never discussed with the Plaintiffs." [DE 60 at 15]. But "it is a fundamental principle of contract law that a person who signs a contract is presumed to know its terms and consents to be bound by them." *Paper Exp., Ltd. V. Pfankuch Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir. 1992). Moreover, in contracts containing a choice of law clause, the law designated in the choice of law clause is used to determine the validity of the forum selection clause. *IFC Credit Corp. v. United Bus. & Indus. Fed. Credit Union,* 512 F.3d 989, 991 (7th Cir. 2008). Though Plaintiffs cite Indiana law to support their unconscionability arguments, the purchase order mandates that it be "interpreted under the laws of the state in which Dealer is located," here, Washington. Washington considers forum selection clauses to be prima facie valid, even when found in a standard form consumer contract not subject to negotiation. *Dix v. ICT Grp., Inc.*, 161 P.3d 1016, 1020 (Wash. 2007) (citing to *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 589–95 (1991).

Plaintiffs' arguments do not overcome this presumption of validity. First, the clause is located on the second page of a two-page purchase order and is conspicuously preceded by an all-caps, underlined header. [DE 63 at 7-9]. The first page of the purchase order alerts to the second

page in several places, and language near the signature lines likewise prompts signatories to review both sides of the agreement. [*Id.* at 9]. Without more, Trent Doman has not met his bar in showing that his signature was obtained in an unconscionable manner. Thus, the court finds that both clauses are enforceable and binding.

### 2. Addressing the Competing Forum Selection Clauses

The court faces two valid and mandatory forum selection clauses supporting competing venues. Both clauses were signed by some, but not all, the parties: the Foley RV purchase order was entered by Plaintiffs and Foley RV, not Heartland; and Heartland's Limited Warranty was entered by Plaintiffs and Heartland, not Foley RV.[1] The *Atlantic Marine* transfer analysis did not directly address cases where only some parties had contracted to a particular forum through a forum-selection clause. Nor has the Seventh Circuit addressed this issue. But the Third Circuit, in *In re: Howmedica Osteonics Corp*, 867 F.3d 390, 403 (3d Cir. 2017) created a framework to resolve this issue that this court has considered twice before. *See Meyer*, 2020 WL 3256263, at *7; *Simpson v. Thor Motor Coach*, 3:19-CV-PPS-MGG, 2019 WL 2206092, at *4 (N.D. Ind. May 22, 2019). The court will accordingly apply this framework here. The *Howmedica* framework is a four-step inquiry:

> At the first step, the court faced with a valid forum-selection clause assumes that it applies to the parties who agreed to it and that "pursuant to *Atlantic Marine*, the private factors of the parties who have signed a forum agreement must, as [a] matter of law, cut in favor of severance and transfer to the contracted for forum." *In re Rolls Royce Corp.,* 775 F.3d 671, 681 (5th Cir. 2014). At step two, the court should consider the private and public interests of the parties who did *not* sign the forum-selection agreement. The court must "perform[ ] an independent analysis of private and public interests relevant to non-contracting parties, just as when adjudicating a § 1404(a) transfer motion involving those parties in the absence of any forum-selection clauses." *Howmedica,* at 404 (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995)). At step three, the court must consider severance if any procedural or jurisdictional defects require it. "If only one severance and transfer outcome satisfies the constraints identified at this step, then the court adopts that outcome and the transfer inquiry ends." *Howmedica,* at 404. At step four, the Court exercises its

---

[1] Both agreements were signed only by Plaintiff Trent Doman. But the parties' filings confirm that Plaintiff Jenny Doman's interests are aligned with her husband's. Therefore, this Court will assume that the private and public interests Plaintiffs put forward apply in equal force to Jenny Doman as to her husband.

11

discretion in determining the most appropriate course of action and weighing the public and private interests while also considering efficiencies related with avoiding duplicative litigation. *Id.*, at 405.

*Meyer,* 2020 WL 3256263, at *7. "Depending upon the outcome of the *Howmedica* analysis, [the Court] could decide to retain the case in its entirety, transfer the case in its entirety, or sever certain parties or claims in favor of another forum." *Simpson*, 2019 WL 2206092, at *3.

### a. Step One: Validity of the Forum-Selection Clauses

"At the first step, the court faced with a valid forum-selection clause assumes that it applies to the parties who agreed to it and that 'pursuant to *Atlantic Marine*, the private factors of the parties who have signed a forum agreement must, as [a] matter of law, cut in favor of severance and transfer to the contracted for forum.'" *Howmedica*, 867 F.3d at 405. As explained above, both forum selection clauses are valid and enforceable against the relevant contracting parties. Plaintiffs maintain that this case should remain here. Heartland's Limited Warranty likewise favors this forum, despite their arguments seeking transfer to Montana. But Foley RV's forum selection clause favors Washington.

### b. Step Two: Private and Public Interests

Next, "courts at Step Two should consider the private and public interests of the parties who have *not* signed a forum-selection agreement." *Id.* at 404 (citing *In re Rolls Royce Corp.*, 775 F.3d at 681).

#### 1. Private Interests

Both defendants are non-signatories to the other's agreement. The defendants' private interests parallels the analysis under Section 1404(a) and includes a case-by-case consideration of convenience and fairness. *Meyer*, 2020 WL 3256263, at *7. In evaluating the convenience element, courts generally consider: "(1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience of the parties." *Schumacher v. Principal Life Ins. Co.*, 665 F. Supp. 2d 970, 977 (N.D. Ind.

12

2009). A litigant seeking a transfer of venue has the burden of showing that the transferee court—here the Eastern District of Washington or the District of Montana—is "clearly more convenient than the transferor court." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir. 1986); *see also State Farm Mut. Ins. Co. v. Est. of Bussell*, 939 F. Supp. 646, 651 (S.D. Ind. 1996).

        i.   **Plaintiffs' Choice of Forum**

The court gives substantial deference to plaintiffs' choice of forum, unless that choice is not the plaintiffs' home forum or if it has weak connections with the operative facts giving rise to the litigation. *Body Sci. LLC v. Bos. Sci. Corp.*, 846 F. Supp. 2d 980, 992 (N.D. Ill. 2012); *In re Nat'l Presto Indus., Inc.,* 347 F.3d 662, 663–64 (7th Cir. 2003) ("unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.") Plaintiffs, domiciled in Oregon, chose to bring this action in the Northern District of Indiana, giving their choice of forum less weight. Still, Plaintiffs contend that they did so because their claims involve operative facts related to the manufacturing of the RV in Indiana. The RV at issue—now destroyed—was allegedly designed, assembled, manufactured, and distributed in Indiana by Heartland. Heartland, however, argues that Plaintiffs' claims involve operative facts from Montana, where the RV caught fire. Foley RV further argues that the nucleus of operative facts giving rise to Foley RV's role in this lawsuit arose in Washington, where the RV was purchased. Neither defendant argues that the Northern District of Indiana has weak connections with the operative facts of this case—making further analysis of the situs of material factors critical.

        ii.   **Situs of Material Facts**

"Material events are those that give rise to the cause of action." *Aldridge v. Forest River, Inc.*, 436 F. Supp. 2d 959, 961 (N.D. Ill. 2006) (citing *Von Holdt v. Husky Injection Molding Sys., Ltd.,* 887 F. Supp. 185, 188–89 (N.D. Ill.1995)). The RV was allegedly designed, assembled, manufactured, and distributed in Indiana. Here, Plaintiffs allege both breach of warranty claims and products liability

13

claims. The primary material location for products liability claims is likely the place of manufacture or design of the product at issue, which is Indiana. *See Von Holdt*, 887 F. Supp. at 188–89. But the RV was purchased in Washington state and caught fire in Montana—favoring the other proposed forums. Still, Plaintiffs maintain that neither a view of the Foley RV dealership, or of the Heartland factory where the RV was built, or of the highway where the RV caught fire, would aid a jury in understanding the testimony in the case. Moreover, the design and manufacture of the RV could be implicated in analyzing Plaintiffs' warranty claims, making Indiana a situs of at least some material events for that claim as well. Thus, while this inquiry does not clearly favor any forum—at most, it may slightly favor Indiana.

### iii.     Relative Ease of Access to Sources of Proof

Though the situs of material events does not clearly favor any of the proposed forums, Plaintiffs contend that the sources of proof factor favors this forum based on the location of the documents relevant to the RV's manufacture by Heartland, including production, pre-sale inspection, and build records. [DE 60 at 21]. Plaintiffs add that the RV is no longer in Montana, as it has been disposed of by Plaintiffs' insurance company. [*Id.*]. Still, Heartland contends that other evidence that would need to be obtained via subpoena from non-parties is in Montana. Finally, despite seeking transfer to the Eastern District of Washington, Foley RV concedes that many witnesses from Heartland are likely domiciled in Indiana where the manufacturing plants are located. [DE 56 at 10].

### iv.     Convenience of the Parties

Under this factor, the court considers the parties' residences and their abilities to bear the expense of trial in a particular forum. *Coll. Craft Cos., Ltd. v. Perry*, 889 F. Supp. 1052, 1056 (N.D. Ill. 1995). Courts should avoid transfer when it merely shifts inconvenience from one party to another without sufficient cause. *Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 979 (7th

14

Cir. 2010). Here, this case involves parties from Oregon, Washington, and Indiana. Transferring the case from Indiana to Washington or Montana simply shifts the inconvenience from Foley RV to Plaintiffs and Heartland. This is true for the Oregon-based Plaintiffs, even though they live closer to Washington than to Indiana, because they had agreed to litigate any dispute with Heartland in Indiana and wish for their case to remain here. Plaintiffs also argue that, due to personal medical issues surrounding their young daughter, this court is the most convenient forum. [DE 60 at 20]. Plaintiffs also argue that transfer to the Eastern District of Washington would be emotionally troubling for them and concerning for their daughter's safety. Foley RV argues that the parties' convenience is split, but that the forum most convenient for it is the Eastern District of Washington, because that is the location of the dealership where Plaintiffs bought the RV. Foley RV also argues that Plaintiffs' alleged difficulties with the Eastern District of Washington are not onerous enough to deprive Plaintiffs of their day in court. [DE 53 at 17]. Heartland explicitly disclaimed its own convenience when seeking transfer to the District of Montana. [DE 48 at 4].

v.      **Convenience of Witnesses**

Finally, the last factor—the convenience of witnesses—is often considered the most important factor in the convenience analysis, and courts consider everything from the number of witnesses to their willingness to appear. *Omnisource Corp. v. Sims Bros., Inc.*, No. 1:08-CV-89, 2008 WL 2756345, at *6 (N.D. Ind. July 14, 2008). Yet "[c]ourts typically presume that witnesses who are parties' employees and paid experts will appear voluntarily and therefore are less concerned about the burden that appearing at trial might impose on them." *Abbott Labs. v. Church & Dwight, Inc.*, No. 07 C 3428, 2007 WL 3120007, at *4 (N.D. Ill. Oct. 23, 2007). Plaintiffs indicate that key witnesses will be Foley RV sales and service representatives and Heartland representatives in Indiana and that any additional testimony involving Montana witnesses could be conducted via Zoom. [DE 56 at 10]. Plaintiffs also argue that it would be more expensive to compel testimony from Heartland witnesses

15

through subpoena if the court granted transfer to the Eastern District of Washington. In contrast, Heartland argues that concerns about witness testimony are greatest regarding the witnesses in Montana, thereby warranting transfer to the District of Montana. [DE 48 at 5]. Foley RV argues that because witnesses to the sale and maintenance of the RV are in the Eastern District of Washington, that is the most convenient forum for the witnesses.

In total, the private interest factors do not establish that any one forum is clearly more convenient than another. See *Coffey*, 796 F.2d at 220.

## 2. Public Interests

Public interests relative to transfer are reflected through an assessment of the interest of justice, which focuses on the efficient administration of the courts. *Research Automation*, 626 F.3d at 978. Factors that are relevant to this analysis include: (1) the speediness of trial in either jurisdiction; (2) each court's familiarity with the relevant law; and (3) each location's relationship to the controversy. *Id.*

Plaintiffs state that there is no evidence that transfer of the case to the Eastern District of Washington would alleviate any difficulties flowing from court congestion. Plaintiffs also maintain that Indiana has a greater interest in the outcome of the litigation and that this court is more at home with litigating RV cases because of the high concentration of RV manufacturers here. [DE 60 at 23]. Foley RV concedes that the statistics of resolution of matters within the Northern District of Indiana and Eastern District of Washington are nearly identical, but notes that the average disposition time of matters in the Eastern District of Washington is shorter than that of the Northern District of Indiana by 2.9 months. [DE 63 at 12]. Foley RV also acknowledges that the Northern District of Indiana has some interest in this matter based on the products liability and warranty claims alleged against Heartland, a citizen of Indiana, and that the public factors support the lawsuit remaining in Indiana. [*Id.*] On the other hand, Heartland argues that the District of

16

Montana would be more efficient than the Northern District of Indiana because of the court's less congested docket. Heartland also maintains that familiarity with the law is neutral because Plaintiffs' case does not bring legal issues that are particularly novel or complex. [DE 48 at 6]. But this argument fails to consider that Indiana has an interest in litigation involving products manufactured by and warranties issued by companies incorporated here. Additionally, Indiana has an interest in litigation regarding its own corporations as well as those doing business with its corporations—and Foley RV, through its business relationship with Heartland, does some business here. *Simpson*, No. 3:19-CV-33-PPS-MGG, 2019 WL 2206092, at *6 (N.D. Ind. May 22, 2019). Thus, the court finds that public interest favors the case remaining here.

### c.   Step Three: Severance Issues

Severance of claims or parties might be warranted "to preserve federal diversity jurisdiction; to cure personal jurisdiction, venue, or joinder defects; or to allow for subsequent impleader." *Howmedica*, 867 F.3d at 404. Severance may also be impossible in other situations, "such as when a party is indispensable under Federal Rule of Civil Procedure 19(b)." *Id.* (citing *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 572–73 (2004); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 421–22 (3d Cir. 2010)).

Plaintiffs argue that severance is unwarranted because their claims against defendants arise from a common nucleus of operative facts. Foley RV relies on its arguments that this court lacks personal jurisdiction to support severance. But this court has already found that it has specific personal jurisdiction over Foley RV, so transfer or severance is not required to cure that defect. No party has alleged the need to allow for subsequent impleader. Maintaining Plaintiffs' claims against both defendants in one case avoids the risk of conflicting rulings, preserves judicial resources, and prevents witnesses from needing to travel and appear in two courts on opposite ends of the country. Thus, severance is unwarranted on Foley RV's behalf under the *Howmedica* framework.

**d. Step Four: Weight of Public and Private Interests**

The balance of the *Howmedica* factors weigh against transfer from this forum. Plaintiffs chose the Northern District of Indiana, which, while may not be their home forum, does not have weak connections to the operative facts giving rise to this litigation. Transfer to another forum only shifts the inconvenience from one party to two parties. The private interests do not clearly favor any proposed forum, but the public interests favor the case staying here. Severance is also unwarranted and instead would result in burdensome, likely duplicative, litigation. Thus, the case should remain in this court.

### III. CONCLUSION

Therefore, for the reasons discussed above, the court **DENIES** Defendant Foley RV's Motion to Dismiss. [DE 52]. The court further **DENIES** Defendant Heartland's Motion to Transfer. [DE 47]. With transfer denied, this court will issue a separate order for a Rule 26(f) Report of Parties' Planning Meeting and set a date for a Rule 16(b) Pretrial Scheduling Conference. Accordingly, Plaintiffs' Motion for a Rule 26(f) Conference is **DENIED** as unnecessary. [DE 66].

**SO ORDERED on** September 25, 2024.

/s/ Cristal C. Brisco
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT